# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:24-CR-127 |
| | ) |
| GEORGE JOHNSON, III, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Mr. Johnson's request for a calculation of the time that has elapsed under the Speedy Trial Act (ECF 84). Upon receipt of the request, the Court directed the government to provide its position on Mr. Johnson's request (ECF 87), and the government did so (ECF 94). After careful review, the Court agrees with the calculation as set forth in the government's response, and finds that there will have been 38 days[1] that will have elapsed under the Speedy Trial Act by the time trial commences on February 24, 2025.

The Speedy Trial Act "clock" began to run on June 4, 2024, when Mr. Johnson was indicted. 13 days of non-excludable time then passed. On June 17, 2024, Mr. Johnson's then-counsel moved for an extension of time to file pretrial motions (ECF 24). The Court granted that motion, and consistent with the extension, tolled the Act's clock from June 17, 2024 until August 1, 2024, because that was excludable time under the Speedy Trial Act. 18 U.S.C. § 316l(h)(7)(A). On July 23, 2024, Mr. Johnson's then-counsel moved for another extension of time to file pretrial motions up through October 1, 2024, which the Court granted (ECF 39). Thus, the period

---

[1] The government stated in its response that "48 days" will have elapsed under the Speedy Trial Act by the time trial commences on February 24, 2025, but doing the math, "48 days" appears to be a typo. ECF 94, p. 6.

between July 23, 2024 and October 1, 2024 was excludable under the Speedy Trial Act. 18 U.S.C. § 316l(h)(7)(A).

On September 25, 2024, Mr. Johnson, now representing himself, filed several pretrial motions. The Court excluded the time period from September 26, 2024 to December 16, 2024, as "delay resulting from any pretrial motion and the prompt disposition thereof" under 18 U.S.C. § 3161(h)(1)(D). ECF 57.

Briefing was complete on the pretrial motions on October 28, 2024. ECF 59. However, one of the motions that Mr. Johnson filed was a motion to dismiss the indictment, as violating his Second Amendment rights. He argued that the charge against him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), was unconstitutional. This motion required the Court to review a number of historical documents, to which the Court did not have easy access. Therefore, on November 22, 2024, the Court ordered the government to file an appendix with the historical sources to which it cited in its response brief to Mr. Johnson's motion to dismiss the indictment. ECF 60. The government filed that appendix on December 3, 2024. ECF 63.

On December 16, 2024, the Court scheduled an in-person status conference for January 17, 2025 to discuss whether the Court should stay further proceedings pending the *en banc* Third Circuit's decision in *Range v. Attorney General*, Case No. 21-2835. ECF 65. The Court also excluded the time period from December 17, 2024, through February 18, 2025 after finding that the ends of justice served by this continuance outweighed the best interests of the public and the defendant to a speedy trial, in light of the government's submission of its appendix, the Third Circuit's pending decision in *Range*, and the scheduled in-person status conference to discuss the foregoing.

After the Third Circuit decided *Range* on December 23, 2024, the Court modified its prior order, notifying the parties that it intended to decide the pending

motions in light of the recently issued decision in *Range*. The Court thus shortened the period of previously excluded time, and instead excluded the time period from the date of the order, December 31, 2024, to January 31, 2025, after finding that the ends of justice served by this continuance outweighed the best interests of the public and the defendant to a speedy trial, due to the recently issued decision in *Range*. ECF 68.[2]

The Court scheduled trial for February 24, 2025, and did not issue any additional orders tolling the Speedy Trial Act clock. Therefore, the 24-day period from January 31, 2025 to the scheduled trial date of February 24, 2025 is not excludable under the Speedy Trial Act.

In sum, 38 days will have elapsed under the Speedy Trial Act through the day of trial: 13 days from June 4, 2024 to June 17, 2024; 1 day from December 16, 2024 to December 17, 2024; and 24 days from January 31, 2025 to the trial date of February 24, 2025.

Mr. Johnson previously objected to the Court's exclusion of any time after December 17, 2024. ECF 66, ECF 67. The Court previously overruled Mr. Johnson's objections. ECF 68, ECF 77. As the Court explained, the ends-of-justice continuance was based on the issues raised in Mr. Johnson's motion to dismiss the indictment, which was submitted before the Third Circuit's *en banc* decision in *Range* on December 23, 2024, but which the Court expected to be issued relatively imminently. The ends-of-justice continuance was warranted because of the complex and novel legal questions that were raised in Mr. Johnson's motion, including the fluid state of the law and the complex historical record. This is reflected in the Court's opinion denying Mr. Johnson's motion, which discussed in detail the diverging approaches courts have taken in analyzing the constitutionality of Section 922(g)(1) post-*Rahimi*

---

[2] The Court issued its decisions on the pending pretrial motions on January 23, 2025. ECF 79, ECF 80.

and the lack of clarity as to whether the government must cite to laws imposing permanent, lifetime bans on firearms possession. *See United States v. Johnson*, No. 24-127, 2025 WL 276752 (W.D. Pa. Jan. 23, 2025). Accordingly, due to the complex legal questions, the ends of justice from the continuance outweighed the best interest of the public and the defendant in a speedy trial.[3] *See* 18 U.S.C. § 316l(h)(7)(B)(ii); *United States v. Felton*, 811 F.2d 190, 197 n.7 (3d Cir. 1987) ("We point out that before the thirty days have elapsed a district court on its own motion may invoke § 3161(h)(8)(A), (B) to allow further time for consideration of complex or multiple motions."); *United States v. Chanu*, 40 F.4th 528, 548 (7th Cir. 2022) (ends-of-justice continuance supported in part by the complexity of the case); *United States v. Bokhari*, No. 14-30044, 2015 WL 6509121, at *2 (D. Mass. Oct. 28, 2015) (ends-of-justice continuance supported by the "unusual and complex nature" of the motion under advisement); *United States v. Conteh*, No. 15-50101, 2018 WL 456184, at *5

---

[3] Additionally, "if the district court chooses to resolve the motion without holding a hearing, the clock starts ticking a maximum of thirty days after it has received all the papers it reasonably expects from the parties." *United States v. Adams*, 36 F.4th 137, 148 (3d Cir. 2022) (cleaned up). Mr. Johnson's motion to dismiss was not actually under advisement by the Court until the Court received the appendix from the government on December 3, 2024, and therefore, even under 18 U.S.C. § 3161(h)(1)(D) and § 3161(h)(1)(H), the 30-day period did not start until December 3, 2024. *See United States v. Margheim*, 770 F.3d 1312, 1322 (10th Cir. 2014) ("[I]f the district court seeks more information upon which to make its ruling on a motion, the advisement period does not begin until the court obtains that information." (cleaned up)).

There were also other pretrial motions that tolled the Speedy Trial Act clock: Mr. Johnson requested a pre-plea investigation report (which the Court received on December 27, 2024 and granted on January 17, 2025 after Mr. Johnson appeared in person to execute a written consent), and an application to proceed without prepaying fees or cost for a private investigator or expert witness (which the Court received on December 9, 2024 and denied without prejudice on January 27, 2025). ECF 64, ECF 67, ECF 76, ECF 82; *see United States v. Erby*, 419 F. App'x 176 (3d Cir. 2011) ("Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of Section 3161(h)(1)(D)." (cleaned up)).

(D.S.D. Jan. 17, 2018) (ends-of-justice continuance supported by "complicated factual and legal issues" raised in defendants' motions).

| | |
|---|---|
| DATE:  February 12, 2025 | BY THE COURT:<br><br>/s/ *J. Nicholas Ranjan*<br>United States District Judge |

cc:
George Johnson, III
DOC# 135997
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219