**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:24-CR-127 |
| v. | ) |
| | ) |
| GEORGE JOHNSON, III, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

This case involves a single charge under 18 U.S.C. § 922(g)(1), for Mr. Johnson being a felon in possession of a firearm. In other trials, the Court has bifurcated such a charge, so that the "felony element" is tried in a second phase. While no party has requested bifurcation of the trial, the Court has independently considered whether bifurcation is appropriate here, and finds that it is not.

Unlike the other cases in which the Court has bifurcated a Section 922(g) charge, this trial does not involve multiple counts in the indictment. And, as the Third Circuit has held, bifurcation of trial is not required for a single count felon-in-possession charge, *see United States v. Jacobs*, 44 F.3d 1219, 1223 (3d Cir. 1995), and "there may be good reasons not to do so." *United States v. Thompson*, 675 F. App'x 221, 224 (3d Cir. 2017). Specifically, bifurcation of the elements is not appropriate here because, for a 18 U.S.C. § 922(g)(1) charge, a prior felony conviction "is not merely a consequential fact, it is *an element of the crime charged*"—and bifurcation "puts the jury in the difficult position of deciding the guilt or innocence of a defendant without knowing all of the elements of the crime that is charged." *United States v. Higdon*, 493 F. App'x 261, 263-64 (3d Cir. 2012) (cleaned up) ("It would cause undue confusion to have a jury first determine whether [the defendant] in fact possessed the firearm. A reasonable juror would properly question *why* [the defendant's] possession

was criminal.");[1] *see also United States v. Royster*, No. 21-00251, 2022 WL 2274477, at *4 (D.N.J. June 23, 2022) ("It is well-established precedent within the Third Circuit that it is not appropriate to bifurcate a trial involving only a single felon in possession charge.").

The trial will therefore proceed in a singular proceeding. The Court, however, will include appropriate limiting instructions to mitigate any risk of undue prejudice from the introduction of Mr. Johnson's prior felony convictions. *See United States v. Fields*, 507 F. App'x 144, 148 (3d Cir. 2012) ("[A]ny prejudice from the jury learning of the fact of a prior felony can be mitigated by appropriate cautionary instructions[.]"). Further, the Court will consider any requests and arguments to narrow the admission of the prior felony convictions. To that end, the parties are encouraged to explore a proposed stipulation.[2]

DATE:  February 13, 2025

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:
George Johnson, III
DOC# 135997
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

---

[1] In a trial involving other counts, the "why" issue is better obscured, because possession of the firearm is oftentimes also evidence that relates to other firearm or drug counts.

[2] The indictment here alleges six prior felony predicates. So a stipulation, for example, might concern introduction of one of those convictions for purposes of satisfying the felony element of the offense.