**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | 2:24-CR-127 |
| ) | |
| GEORGE JOHNSON, III, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER ON MOTIONS IN LIMINE**

**J. Nicholas Ranjan, United States District Judge**

Before the Court are motions *in limine* filed by the government (ECF 98) and by Mr. Johnson (ECF 149; ECF 150; ECF 151; ECF 152). The Court issues this omnibus order resolving the motions as follows.

**I.  The government's motion *in limine* to introduce evidence of outstanding state-court warrants for Mr. Johnson (ECF 98), and Mr. Johnson's motion *in limine* to exclude the same (ECF 149).**

The government intends to introduce evidence that officers approached Mr. Johnson on May 10, 2024 to arrest him on two state-court warrants, *e.g.*, redacted copies of the warrants (Exhibits G-1 and G-2)[1] and testimony by officers about why they approached him in the manner that they did on May 10, 2024. The government argues that this is background evidence admissible under Rule 404(b). Mr. Johnson argues that this evidence should be excluded under Rule 403.

"Admissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be

---

[1] Exhibit G-1 is a bench warrant issued on November 7, 2023. Exhibit G-2 is a September 30, 2023, arrest warrant for an alleged escape charge filed against Mr. Johnson.

accompanied by a limiting instruction." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). For the following reasons, the Court finds that evidence of the warrants is admissible as background information on why the officers approached Mr. Johnson on May 10, 2024—but the evidence must be limited to the *existence* of the warrants, and must exclude facts about the specific underlying offenses of the warrants or other information about the state-court proceedings for which the warrants were issued.

To begin with, the government is offering the warrants as background evidence, which is a non-propensity purpose that is at issue in the case. "[A]llowing the jury to understand the circumstances surrounding the charged crime—completing the story—is a proper, non-propensity purpose under Rule 404(b)." *United States v. Green*, 617 F.3d 233, 247 & 251 (3d Cir. 2010) (evidence of defendant's threat to kill officer was admissible as "background information which completed the story of the crime" because it "explained why [defendant] was under investigation").

The existence of the state-court warrants is "necessary background information" because it explains why the officers approached Mr. Johnson on May 10, 2024—during which he was allegedly found in possession of the firearm that is charged in this case—in the first place. *United States v. McLeod*, No. 19-0690, 2022 WL 2763574, at *10-12 (D.N.J. July 15, 2022) (cleaned up) (evidence that defendant was arrested on an unrelated warrant, which allowed for the search of the vehicle incident to arrest, admissible to avoid jury speculation as to why defendant was arrested in the first place—and admitting other evidence as "background information to fill in the gap as to why law enforcement officers were surveilling" the defendant and the vehicle associated with him); *see also United States v. Benjamin,* 711 F.3d 371, 380 (3d Cir. 2013) (defendant's parole status was admissible background evidence because it was relevant to "jury's understanding of why the search took

place"); *United States v. Boyd*, No. 18-00281, 2019 WL 524438, at *3 (M.D. Pa. Feb. 11, 2019) (testimony about defendant's alleged threats admissible as background evidence to explain why officers went in search of defendant); *United States v. Vega-Rodriguez*, No. 20-00221, 2023 WL 3973613, at *4 (E.D. Pa. June 13, 2023) (evidence of defendant's parole violation, for which there was an arrest warrant charging him with absconding, admissible to explain law enforcement's conduct leading up to date of the charged shooting).

The Court is mindful that the Third Circuit has stated that "when the information needed to understand what happened in a case is straightforward and easily understood without reference to facts that do not bear on the charged offense, forcing extraneous and potentially prejudicial information into the record in the name of 'background' is not defensible under Rule 404(b)." *United States v. Steiner*, 847 F.3d 103, 112 (3d Cir. 2017). In *Steiner*, the government introduced as background evidence an outstanding arrest warrant for a sexual-assault charge that was unrelated to the Section 922(g) charges the defendant faced at trial, claiming that this arrest warrant "was background of what led law enforcement to [the defendant] to begin with in this case." 847 F.3d at 109 (cleaned up). But the Third Circuit found that this was not true, because an informant's tip was the "actual source of the government's initial interest" in the defendant, and so the arrest warrant evidence couldn't be admitted for the purpose of providing background. *Id.* at 109, 113.

*Steiner*, then, is readily distinguishable because, here, evidence of the two outstanding warrants "serve[] to complete the story of the crime charged[,]" and is needed to explain the officers' initial interest in Mr. Johnson. *Id.* at 112.

The evidence of the warrants is also relevant for the non-propensity purpose of explaining the context of the charged offense. *See United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014) (for evidence to be relevant to the identified non-propensity purpose, "the government must explain how it fits into a chain of inferences…that

connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." (cleaned up)). The warrants are relevant to understanding why the officers approached Mr. Johnson in the manner that they did. *See United States v. Jackson*, No. 21-238, 2022 WL 1645798, at *5 (E.D. Pa. May 23, 2022) (defendant's prior conduct—the event that "set in motion" the charged conduct—relevant for non-propensity purpose of "allowing the jury to hear the full story of the crime" (cleaned up)).

As to balancing under Rules 404 and 403, the probative value of the warrants, in providing context for why officers initially approached Mr. Johnson, is not substantially outweighed by the danger of unfair prejudice. This context is critical, as the officers' interaction with Mr. Johnson is captured on video and it is during this interaction where the firearm at issue was found. Without this context, the jury would be confused as to why officers approached him, and would have no understanding of any of this evidence. *McLeod*, 2022 WL 2763574, at *12; *see also United States v. Hughes*, 134 F. App'x 72, 76 (6th Cir. 2005) (background evidence of unrelated crime admissible to avoid jury confusion as to the basis for officer's pat down search, which led to the charged offense). Additionally, any undue prejudice is minimized because the government has agreed to keep out evidence concerning the underlying offenses of the warrants, including by redacting the warrants. *See United States v. Bennett*, No. 21-15, 2023 WL 6793191, at *3 (W.D. Pa. Oct. 13, 2023) (Haines, J.) (prejudice from introducing defendant's parole status was minimized because government refrained from presenting evidence of underlying convictions).

Mr. Johnson argues that admitting *both* warrants is cumulative and unfairly prejudicial because the police reports from his arrest only mention the September 30, 2023, arrest warrant (Exhibit G-2), not the November 7, 2023, bench warrant (Exhibit G-1), which may indicate that the officers were only looking to arrest him for just one warrant (and weren't even aware that he was wanted on two separate warrants). The

government proffers that its evidence will show that the officers approached Mr. Johnson "to arrest him because he had two outstanding state court warrants." ECF 154, p. 2. Mr. Johnson's specific objection, that only one of the warrants should be admitted, is therefore premature and dependent on whether there is evidence that the officers were approaching him to arrest him for both (and not just one) warrants. If it turns out at trial that the government can't lay this foundation, then Mr. Johnson is free to object to the introduction of the bench warrant.

Mr. Johnson also argues that the arrest warrants contain irrelevant identification information, such as his date of birth, home address, driver's license number, telephone number, alleged aliases, and last four digits of his SSN, which he claims is misleading to the jury and intrudes upon his privacy interest. The Court agrees with the government that this information is relevant to showing that these warrants were issued for Mr. Johnson and not someone else. The Court is not convinced that the identification information would mislead the jury in any way.

Finally, to further minimize the risk of any prejudice to Mr. Johnson, the Court will include Third Circuit Model Jury Instruction 4.29, which will instruct the jury that the evidence of the warrants can only be considered as background information for why the officers approached Mr. Johnson on May 10, 2024, and may not be considered as propensity evidence or evidence that Mr. Johnson committed the charged offense.[2]

---

[2] The two redacted warrants, Exhibits G-1 and G-2, are not hearsay because they are not offered for the truth of the matter asserted, but for showing their effect on the officers, *e.g.*, why the officers approached Mr. Johnson. *See United States v. Martinez*, 122 F.4th 389, 414 (10th Cir. 2024) ("[I]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." (cleaned up)) (quoting Fed. R. Evid. 801(c) advisory committee's note)); *United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) (court order not hearsay where it was proffered not for truth of the matter asserted, but for the fact that it was issued).

Thus, based on the four-part test under Rule 404, the Court finds that the state-court warrants and testimony related to them may be admitted as background context. To minimize prejudice, the warrants must be redacted in the manner proposed by the government, and the officers may not testify as to the specific offenses for which Mr. Johnson was wanted or the state-court proceedings.

## II. The government's motion *in limine* to limit cross-examination of government witness (ECF 98).

The government seeks to preclude cross-examination of a government witness regarding his incorrect documentation of his time and attendance at work on certain dates in 2017, for which he received a written reprimand. The government argues that the timesheet issue has no bearing on the witness's credibility, that references to the reprimand letter should be prohibited because it constitutes both extrinsic evidence and hearsay, and that the probative value of the timesheet issue is substantially outweighed by the danger of unfair prejudice. The Court finds that Mr. Johnson may inquire into the underlying facts of the incident, but will be precluded from referencing the reprimand letter.

Under Rule 608(b), the Court may permit questioning a witness about specific instances of the witness's conduct on cross-examination, but "only if the conduct is probative of the witness's character for truthfulness or untruthfulness." *United States v. Williams*, 464 F.3d 443, 448 (3d Cir. 2006); *see also Ashford v. Bartz*, No. 04-00642, 2009 WL 2356666, at *2 (M.D. Pa. July 30, 2009) (considering "the importance of the testimony, the probable effect on the jury of the evidence, the character of the previous conduct, and the remoteness in time of the misconduct" in deciding whether to allow cross-examination of specific instances of misconduct).

The Court finds that the timesheet issue bears on the witness's character for truthfulness, despite the government's argument that nothing in the reprimand letter alleged that the witness engaged in any dishonest or untruthful conduct. ECF

99, p. 8. *See United States v. Davis*, 183 F.3d 231, 256-57 (3d Cir. 1999) (officer's misappropriation of departmental gasoline for use in his personal vehicle and putting a false name in a gas log went to his character for truthfulness); *Deary v. City of Gloucester*, 9 F.3d 191, 196 (1st Cir. 1993) (officer's untruthfulness in filing an overtime report was relevant to his credibility); *Ashford v. Bartz*, No. 04-00642, 2009 WL 2356666, at *2 (M.D. Pa. July 30, 2009) (false statement on an internal police department document reflecting officer's daily work projects goes to his character for untruthfulness).

As to Rule 403 balancing, the Court finds that this evidence has some potentially limited probative value, because the witness's opinion about where the firearm and ammunition were manufactured directly goes to an element of the charged offense, *e.g.*, that the firearm or ammunition had traveled in interstate or foreign commerce. *See Robinson v. Banning*, No. 20-5442, 2021 WL 5631755, at *2 (E.D. Pa. Nov. 30, 2021) ("The importance of [the officer's] testimony [] weighs in favor of allowing cross-examination regarding his earlier dishonesty."). The Court also finds that this evidence is not all that prejudicial. This is not some sort of scandalous incident or severe reprimand, such as a termination. Indeed, it is of marginal prejudicial value, and so the Court will grant Mr. Johnson some leeway in questioning the witness as to the underlying incident, including probing whether the infraction was intentional or reflected dishonesty or knowing violations of any policies. Thus, the Court finds that Rule 403 does not bar some examination into the timesheet incident.

That said, the Court will place some limitations here—specifically, (1) Mr. Johnson may not reference the reprimand letter itself, including any discipline meted out; and (2) the letter itself cannot be shown to the jury, referred to, or admitted into evidence. *Davis*, 183 F.3d at 257 n.12 (cross-examination must be limited to the "*facts underlying*" the officer's suspension and Internal Affairs investigation but cannot

include references to the suspension or Internal Affairs finding, as otherwise that would circumvent the no-extrinsic evidence rule of Rule 608(b)).

**III.    Mr. Johnson's motion *in limine* to limit the photographs of the firearm in Exhibit G-6 through Exhibit G-10 (ECF 150).**

Mr. Johnson argues that the five photos of the firearm, Exhibits G-6 through G-10, are four too many, and thus, should be excluded under Rule 403. He argues that these photos are cumulative—two show the removed magazine, four show the body of the firearm from both sides at varying camera distances, and several show the serial numbers—and make it appear as if Mr. Johnson possessed multiple firearms when he was arrested.

The photographs of the firearm and ammunition charged in the indictment are relevant and have probative value (goes to an element of the charged crime) and not inadmissible under Rule 403. As the government points out, the photos "do not depict the defendant holding the firearm – they are straight-forward, simple, non-inflammatory photographs of the gun and the ammunition[.]" ECF 154, p. 6. The five photos of the firearm and ammunition from various angles, showing both sides of the firearm and several close-ups of the serial numbers, are not needlessly cumulative and are helpful to highlight to the jury distinct features of the firearm and ammunition in question.

**IV.    Mr. Johnson's motion *in limine* to exclude Exhibit G-12 (ECF 151).**

Mr. Johnson seeks to exclude Exhibit G-12, an excerpt of a police evidence log, under Rules 401, 403, and 404(b). He argues that evidence of other items seized from him, as well as evidence of other cases unrelated to this case, is irrelevant and unfairly prejudicial. The government represents that it marked this exhibit for the purpose of showing proper chain of custody of the firearm and ammunition charged in the indictment, and will not seek to admit this exhibit if there is no challenge to the chain of custody. ECF 154, p. 6. Accordingly, the evidence log may be used for

chain of custody purposes but, assuming no challenge to the chain of custody, may not otherwise be admitted into evidence.

**V.     Mr. Johnson's motion *in limine* to exclude Exhibit G-18 (ECF 152).**

Mr. Johnson seeks to exclude Exhibit G-18, a report from an ATF agent regarding the interstate nexus for the firearm in this case, under Rules 801 and 803. He argues that the report (including the agent's CV) is inadmissible hearsay. The government represents that it marked this exhibit for identification in case reference to it is necessary during the ATF agent's testimony, but the government will not seek to admit this exhibit. So the exhibit may be used to refresh recollection and for impeachment, but may not otherwise be admitted into evidence.

**********************

DATE:  May 29, 2025                                BY THE COURT:

                                                           /s/ *J. Nicholas Ranjan*
                                                           United States District Judge